LAW OFFICES
SHERMAN & HOWARD L.L.C.
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE: (602) 240-3000
FAX: (602) 240-6600
(AZ BAR FIRM NO. 00441000)
Arthur W. Pederson (AZ Bar No. 002821)
(APederson@ShermanHoward.com)
Thomas J. Kennedy (AZ Bar No. 006907)
(TKennedy@ShermanHoward.com)
Michael C. Grubbs (AZ Bar No. 024032)
(MGrubbs@ShermanHoward.com)
Attorneys for Respondents Professional Medical Transport, Inc., and Bob Ramsey

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

National Labor Relations Board,

Applicant,

v.

Professional Medical Transport, Inc.,

and

Professional Medical Transport, Inc. and its alter ego American Comtrans Ambulance Service, Inc.

and

Bob Ramsey, an individual,

Respondents.

Case No. MC10-0061-PHX-DGC

**RESPONDENT'S ANSWER TO APPLICATION FOR ORDER TO SHOW CAUSE REQUIRING COMPLIANCE WITH SUBPOENAS**

Respondents Professional Medical Transport, Inc., and Bob Ramsey ("Respondents") respectfully submit this Answer to the National Labor Relations Board's ("NLRB") Application for Order Requiring Obedience to administrative subpoenas, filed in this matter on or about June 25, 2010 ("Application").

a) Respondents admit the allegations contained in Paragraph (a) of the Application.

b) Respondents admit the allegations contained in Paragraph (b) of the Application.

c) Respondents admit the allegations contained in Paragraph (c) of the Application.

d) Respondents deny all allegations relative to ComTrans, being without knowledge or information sufficient to form a belief thereof; Respondents admit the remaining allegations contained in Paragraph (d) of the Application.

e) Respondents admit the allegations contained in Paragraph (e) of the Application but affirmatively allege that Ramsey was not subpoenaed for June 7, consistent with NLRB rules.

f) Answering Paragraph (f) of the Application, Respondents admit the allegations contained therein. Respondents affirmatively assert that because counsel was not copied on the subpoena or the follow-up letter to Mr. Ramsey, counsel was not aware of the subpoena until after the time for petitioning to revoke the subpoena had passed. Additionally, Mr. Ramsey had no reason to move to revoke the initial subpoena, as he was available to testify at the originally set hearing date. It was only when the hearing was postponed to June 7 that Mr. Ramsey became unavailable; Respondents affirmatively allege that PMT's counsel at the hearing on June 7, 2010, and June 8, 2010, committed Mr. Ramsey to appear at the hearing on August 23, the date previously agreed upon by the parties and the ALJ for the resumption of the hearing, it being recognized that the hearing would not be completed on June 7, 2010, or that week.

g) Respondents admit the allegations contained in Paragraph (g) of the Application.

h) Answering Paragraph (h) of the Application, Respondents admit that the ALJ ordered Respondents to produce documents responsive to the subpoena duces

tecum. Respondents affirmatively state that the NLRB fails to acknowledge in its Application that PMT has provided, to date, approximately 3500 pages of documents to the NLRB in response to the subpoena and continues to update its subpoena responses; Respondents also admit that PMT has failed to produce documents responsive to some of the requests in the subpoena for reasons more fully described in its Memorandum of Points and Authorities. As for the specifically delineated requests, Respondent PMT affirmatively states that it has provided responsive documents to Categories 1 and 5 in the Application. Respondent PMT affirmatively states that no responsive documents exist as to Category 4 in the Application. and further affirmatively alleges that they deny the allegations relative to ComTrans, being without knowledge or information sufficient to form a belief as to the truth thereof.

i) Respondents deny the allegations contained in Paragraph (i) of the Application for, *inter alia*, the reasons described above.

j) Respondents deny the allegations contained in Paragraph (j) of the Application.

**GENERAL MATTERS**

k) Respondent admits the NLRB seeks the relief outlined in the "THEREFORE" Paragraphs 1 through 3 in the Application, including subparagraphs. Respondent denies that the NLRB is entitled to any relief whatsoever in this action.

l) Respondent denies any allegation contained in the Application not expressly admitted.

For the foregoing reasons, Respondent respectfully requests that the Application be dismissed, with prejudice, and in its entirety, and for such other, further and different relief as the Court deems appropriate.

DATED: July 15, 2010

SHERMAN & HOWARD L.L.C.

By /s/ Arthur W. Pederson
Arthur W. Pederson
Thomas J. Kennedy
Michael C. Grubbs
2800 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-1043
Attorneys for Professional Medical Transport, Inc.

I hereby certify that on July 15, 2010 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

COPY of the foregoing hand-delivered on July 15, 2010, to:

David A. Kelly, Deputy Regional Attorney
Sandra L. Lyons, Field Attorney
Mary G. Davidson, Field Attorney
National Labor Relations Board, Region 28
2600 North Central Avenue, Suite 1800
Phoenix, Arizona 85004

By: /s/ Arthur W. Pederson