David A. Kelly
Sandra L. Lyons (AZ Bar ID 010781)
Mary G. Davidson (AZ Bar ID 021743)
National Labor Relations Board
Region 28
2600 North Central Avenue, Suite 1800
Phoenix, AZ  85004
Telephone:    (602) 640-2090
Facsimile:    (602) 640-2178

Attorneys for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>                    Applicant,<br><br>     vs.<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC.,<br><br>     and<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC. and its alter ego AMERICAN COMTRANS AMBULANCE SERVICE, INC.<br><br>     and<br><br>BOB RAMSEY, an Individual<br><br>                    Respondent(s). | Case No.:  2:10-MC-00061<br><br>NATIONAL LABOR RELATIONS BOARD'S RESPONSE TO PROFESSIONAL MEDICAL TRANSPORT, INC.'S MOTION FOR PROTECTIVE ORDER. |

1

The National Labor Relations Board (Petitioner or Board) submits this response to Professional Medical Transport, Inc.'s and Bob Ramsey's (collectively, PMT) Motion for Protective Order (Motion).

## I. PROCEDURAL BACKGROUND

On May 10, 2010, the Board issued two subpoenas duces tecum (SDT) to PMT and Comtrams.[1]  On May 17, 2010, PMT filed a petition to revoke portions of the SDT, and Comtrans joined PMT's petition.  Administrative Law Judge William Kocol (ALJ) heard oral argument on the petition to revoke on June 4, 2010, denied the petition to revoke for the majority of subpoenaed items, but granted limited portions of PMT's and Comtrans' petition.  On June 2, 7, and 8, 2010, the ALJ ordered PMT and Comtrans to produce documents responsive to the SDTs.  Comtrans failed to produce any of the documents, as ordered by the ALJ.[2]  PMT failed to produce documents responsive to many of the requests contained with its SDT.

On June 25, 2010, General Counsel for the Board filed its moving papers in this matter asking the Court to order compliance by PMT, Comtrans, and owner Bob Ramsey (collectively, Respondents), with the Board's duly issued SDTs and SAT, as limited by the ALJ in the underlying proceedings.  On July 15, 2010, Respondents filed their

---

[1]  The Board also issued a subpoena ad testificandum (SAT) to Robert Ramsey, owner and President of PMT and Comtrans, but because PMT's Motion does not seek a protective order from the SAT, the Board will not address the SAT to Ramsey in this response.

[2]  On July 28, 2010, the Board received a limited number of documents from Comtrans in response to the SDT.

2

responses to Petitioner's Application for Order Requiring Compliance with the three subpoenas.  Also on July 15, 2010, PMT filed the instant Motion, to which the Board now files its response.

PMT argues that it needs a protective order because some of the documents sought by the Board "(1) contain confidential and proprietary financial, operational, and customer information, which, if released to the public, could be used by competitors (and customers) to undermine PMT's competitive position in the marketplace; or (2) otherwise would be extremely burdensome upon PMT to produce, is excessive in scope, and is not relevant to the action instituted by NLRB."  (Motion at 3)  PMT has raised these same arguments both before the ALJ and this Court, in its response to the Board's application for subpoena enforcement, and neither is meritorious.  In this response, the Board will focus on the regularity of the underlying Board proceedings, the standards for issuing a protective order, and PMT's confidentiality argument.  To avoid unnecessary duplication, the Board will separately address PMT's undue burden and relevance arguments in its reply to PMT's response to the Board's application for subpoena enforcement, which, pursuant to the Court's July 21, 2010 Order, must be filed by August 20, 2010.

In seeking a protective order, PMT – which has previously been found by an Administrative Law Judge to have violated the National Labor Relations Act (the Act) – is throwing up every conceivable roadblock to avoid obeying lawful subpoenas issued pursuant to the Board's congressionally-authorized mandate to protect the rights of workers in the United States.  Its motion for a protective order is yet another meritless roadblock.  PMT's proposed protective order (which is more applicable to a discovery

dispute than an administrative hearing) asks this Court to allow PMT to designate any documents it wishes as "confidential" and to impose sweeping prohibitions on the Board's use of and disclosure of these documents, contrary to public policy and the manner in which the Board conducts its hearings and operates.  It would also embroil this Court in the conduct of the unfair labor practice proceeding.  Finally, in support of its Motion, PMT inaccurately cites to case law, serving as an additional basis for this Court to strike its Motion.

## II. ARGUMENT

### A. The Courts Presume Administrative Regularity

This is the second time that PMT has been to trial before the Board because of its conduct towards its employees and avoidance of its collective-bargaining obligations. Board proceedings do not involve any pre-trial discovery, and the Board is dependant on its broad subpoena power "to get information from those who best can give it and who are most interested in not doing so." *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950).  The Supreme Court has upheld an administrative agency's broad subpoena power, observing that an agency's "investigative function, in searching out violations with a view to securing enforcement of the [Fair Labor Standards] Act, is essentially the same as the grand jury's, or the court's in issuing other pretrial orders for the discovery of evidence, and is governed by the same limitations" not to act arbitrarily or in excess of statutory authority. *Oklahoma Press Pub. Co. v. Walling, Adm'r, Wage and Hour Division, U.S. Dep't of Labor*, 327 U.S. 186, 216-18 (1946).  Here, the Board has proceeded with its investigation in accordance with its Congressional mandate, and the

4

records and testimony sought by the Board, as explained in the Board's application and replies, are relevant to that purpose. Therefore, this Court should deny PMT's request for a protective order and require compliance with the Board's subpoenas.

PMT has already presented to the ALJ the same arguments it presents to this Court in its Motion. The ALJ has ruled on PMT's petition to revoke and has addressed PMT's concerns regarding confidential or proprietary documents by allowing PMT to designate such documents for in camera inspection. (See June 8, 2010 Hearing Transcript at 162, attached hereto as Exhibit A) More specifically, as to privileged documents, the ALJ instructed Respondents to complete a privilege log identifying any documents they viewed as subject to privilege and stated that he would inspect any items that the General Counsel disputed in camera to evaluate the claim of privilege. As to other confidential documents, the ALJ required that the General Counsel not copy any document designated confidential by Respondents, nor show such documents to anyone outside of the Agency without Respondents' permission. Finally, if the General Counsel sought to introduce confidential records, he would "construct some way" to prevent its disclosure once the specific document is identified to the court. The General Counsel agreed to these conditions. Notably, when asked what other assurances were necessary, counsel for PMT was unable to articulate any other safeguard desired. (See Exhibit A at 153-155; June 7, 2010 Hearing Transcript at 59, attached hereto as Exhibit B)

In reviewing the actions of an administrative agency, "a court must act on the basis of a presumption of administrative regularity." *F.C.C. v. Schreiber*, 381 U.S. 279, 292 (1965). Although PMT cited the district court and appellate court decisions in

5

*Schreiber* in its moving papers (see Motion at 4), it neglected to inform the Court of the Supreme Court's decision. In that decision, the Supreme Court held that the district court erred in requiring the FCC to "afford confidential treatment to all information elicited from respondents," id. at 298, based on respondents' "fears . . . that the testimony to be given might result in disclosure of trade-secrets, of which competitors might take advantage.'" Id. at 295 (quoting *F.C.C. v. Schreiber*, 201 F.Supp. 421, 425 (S.D. Cal. 1962)). The Supreme Court took the district court to task for assuming that the FCC's Presiding Officer would require disclosure "even if the balance of public and private interests mandated secrecy," noting that such an assumption runs contrary to the presumption of administrative regularity and that administrative agencies will "act properly and according to law." Id. at 296. The Supreme Court based its holding on the well-established principle that courts should not substitute their judgment for that of regulatory agencies more familiar with the laws they are charged to enforce. Id. at 290-91. Thus, the proper standard of review of agency action is whether the agency exercised its power in a reasonable manner, not whether reasonable minds might differ on the wisdom of the action. Id. at 292.

Here, PMT has not alleged anything that would overcome the presumption of administrative regularity in the ALJ's rulings, nor has it demonstrated how the protections implemented by the ALJ are not reasonable. Just as in *Schreiber*, the ALJ does not yet know which documents will be introduced or what questions will be asked in order to "ascertain the likelihood of irreparable damage to private competitive interests" or "whether the private interest outweigh[s] the public interest in disclosure." Id. at 296.

The Supreme Court in *Schreiber* had complete confidence that, "[i]f and when information was demanded which if disclosed might in fact injure [respondents] competitively, there would be ample opportunity to request that it be received in confidence, and to seek judicial protection." Id.  So, too, this Court should have confidence that the ALJ will be able to protect any of PMT's truly confidential information, if and when the need arises, because that is precisely what the ALJ has said he will do.  (See Exhibit A at 153-155, 162 and Exhibit B at 10-11, 59).

Moreover, a protective order issued by this Court would place this Court "in a position of supervision and control over the [administrative agency] in the exercise of its statutory duties." *F.T.C. v. Texaco, Inc.,* 555 F.2d 862, 885 (D.C. Cir. 1977).  That is, such an order would prevent the ALJ from conducting the hearing in a manner he deems necessary and appropriate, by restricting what documents and testimony he may view or receive into evidence.  This Court would effectively become a "super-ALJ," ruling on individual questions as they arise during the course of the administrative trial as to whether information sought to be introduced falls within the ambit of the protective order and, if so, whether the ALJ's determination that the private nature of the information is outweighed by its probative value is correct.  In fact, this is precisely what PMT asks this Court to do in its proposed protective order.  That order would extend the time periods for PMT to respond to the subpoenas beyond those provided for in the Board's rules and procedures; deprive the ALJ of his discretion under the Board's rules and procedures to

decide when to close the hearing to the public;[3] and require the parties to "present the matter to this Court for resolution" whenever there is a dispute concerning whether a particular document designated as confidential may be used as evidence." (Proposed Protective Order at ¶ 6)  Thus, PMT's Motion is just the beginning, and would enmesh the District Court in the administrative trial.  This would be "an improper exercise of [the district court's] power."  *F.T.C. v. Stanley H. Kaplan Educ. Ctr. Ltd.*, 433 F.Supp. 989, 993 (D.C. Mass. 1977) (granting petition for enforcement of subpoena duces tecum and denying motion for protective order).  See also *Usery v. Whitin Machine Works, Inc.,* 554 F.2d 498, 504 (1st Cir. 1977) (finding that permitting litigation of exempt character of subpoenaed material would impermissibly delay Secretary's determination).  Finally, the broad sweep of PMT's proposed protective order would require the Court's continued oversight up through and including exceptions to the National Labor Relations Board and appeals to the Circuit Court because it states that "information provided which has been designated as confidential by PMT shall not be used by the Board or its counsel for any purpose except in connection with the trial and preparation for trial of the underlying case." (Proposed Protective Order at 2 ¶ 2)  This sweeping language sets up the Court to oversee this case long after the Board's subpoena enforcement action is over.

---

[3] See National Labor Relations Board Rules and Regulations and Statements of Procedure, sec. 102.34 ("Such hearings shall be public unless otherwise ordered by the Board or the Administrative Law Judge").

### B. PMT Cannot Show that Good Cause Exists for Issuance of a Protective Order

Even if the Court chooses to address the merits of PMT's Motion, the Court will find that PMT has failed to meet the rigorous standards for issuing a protective order. Under Rule 26(c) of the Federal Rules of Civil Procedure, which governs discovery disputes, a party seeking a protective order must show "good cause" for why such an order is necessary. *Phillips v. Gen'l Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Id. at 1210-11. That means the party asserting good cause "bears the burden, <u>for each particular document it seeks to protect</u>, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added; citing, among other cases, *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm"). Thus, "'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211 (citing *Glenmede*

9

*Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (listing seven factors for consideration by the court, which are "neither mandatory nor exhaustive")). Because issuance of a protective order under Rule 26(c) is discretionary, the district court must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Phillips*, 307 F.3d at 1212; see also *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (finding that Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required").

PMT asserts that it needs a protective order because some of its documents "contain confidential and proprietary financial, operational, and customer information," to which the public may gain access. PMT's argument fails for three reasons.[4] First, PMT fails to address the fact that the ALJ has already proposed significant protections from disclosing any truly confidential information produced by PMT. Second, PMT has failed to identify the specific documents that it deems to be confidential, proprietary or trade secrets. Moreover, PMT has not shown how disclosure of those documents, even to the ALJ in camera, would lead to "s*pecific* prejudice or harm now.'" *Foltz*, 331 F.3d at 1131, 1138 (citation omitted). PMT's blanket assertion of confidentiality or proprietary

---

[4] PMT incorrectly argues that the burden is on the Board to show that the information sought in the subpoenas is connected to the allegations in the Board's complaint. (PMT's Motion at 5). Contrary to PMT's assertion, and one of the very cases cited by PMT in that same paragraph of its Motion, the party opposing a subpoena has the "burden of showing by specific evidence why such documents do not relate to or touch the issues in controversy." *NLRB v. Dutch Boy, Inc*., 606 F.2d 929, 932 (10th Cir. 1979). PMT has made no such showing here.

information also rings hollow considering the categories of documents PMT claims are confidential and/or proprietary.  For example, PMT claims that documents showing "the equipment, land, building, and assets owned, leased or otherwise used by Respondent PMT, along with the location and ownership or leasehold interest in such, including vehicle registrations for all vehicles . . . ." are confidential and proprietary.  (Motion at 8 and n. 2)  Many of those types of documents are already matters of public record, and the Board is hard pressed to discern how they could be considered confidential or proprietary.  Finally, while PMT's Motion is long on rhetoric concerning the harm that would result from disclosure, it is short on fact.  In *Foltz*, the Ninth Circuit found that the party petitioning for a protective order "failed to meet the burden imposed by Rule 26(c) of making a 'particular showing' of good cause" where it did not establish "'*specific prejudice or harm now.*'"  *Foltz*, 331 F.3d at 1131, 1138 (quoting *Beckman*, 966 F.2d at 476) (holding that the district court "abused its discretion in sealing discovery materials in the absence of a showing of good cause").[5]

---

[5]PMT also contends that a protective order is necessary because the subpoena is unduly burdensome and seeks irrelevant information.  These issues will be separately addressed in our replies to PMT's and Comtrans' responses to the Board's application for subpoena enforcement.

11

## III.   CONCLUSION

Based on the foregoing, Counsel for the Acting General Counsel requests that the Court deny PMT's Motion for Protective Order.

Dated at Phoenix, Arizona, this 29th day of July 2010.

        NATIONAL LABOR RELATIONS BOARD


/s/Mary G. Davidson
David A. Kelly, Deputy Regional Attorney
Sandra L. Lyons, Field Attorney
Mary G. Davidson, Field Attorney
National Labor Relations Board
Region 28
2600 North Central Avenue, Suite 1800
Phoenix, AZ  85004
Telephone:   (602) 640-2090
Email:          sandra.lyons@nlrb.gov
                     mary.davidson@nlrb.gov