BEFORE THE
NATIONAL LABOR RELATIONS BOARD
REGION 28

| | |
|---|---|
| In the Matter of:<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC.<br><br>and<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC.,<br>and its alter ego AMERICAN COMTRANS<br>AMBULANCE SERVICE, INC.<br><br>and<br><br>INDEPENDENT CERTIFIED EMERGENCY<br>PROFESSIONALS OF ARIZONA, LOCAL 1 | Cases:  28-CA-22747<br>28-CA-22801<br>28-CA-22993<br>28-CA-23022 |

The above-entitled matter came on for further hearing pursuant to adjournment, before **WILLIAM G. KOCOL, Administrative Law Judge,** at the National Labor Relations Board, Region 28, 2600 North Central Avenue, Phoenix, Arizona, on Tuesday, June 8, 2010.

Exhibit A

A P P E A R A N C E S

1
2
3  On Behalf of Counsel for the General Counsel:
4
5      SANDRA LYONS, ESQ.
6      NATIONAL LABOR RELATIONS BOARD - Region 28
7      2600 North Central Avenue, Suite 1800
8      Phoenix, Arizona  85004
9      Phone:   (602) 640-2160
10     Fax:     (602) 640-2178
11
12
13 On Behalf of Professional Medical Transport, Inc.:
14
15     THOMAS J. KENNEDY, ESQ.
16     SHERMAN & HOWARD
17     7047 East Greenway Parkway, Suite 155
18     Scottsdale, Arizona  85254
19     Phone:   (480) 624-2725
20     Fax:     (480) 624-2029
21
22     MICHAEL C. GRUBBS, ESQ.
23     SHERMAN & HOWARD
24     2800 North Central Avenue, Suite 1100
25     Phoenix, Arizona  85004
26     Phone:   (602) 240-3088
27     Fax:     (602) 240-6600
28
29
30 On Behalf of ComTrans:
31
32     DANIEL RILEY, ESQ.
33     CURRY, PEARSON & WOOTEN, PLC
34     814 West Roosevelt Street
35     Phoenix, Arizona  85007
36     Phone:   (602) 258-1000
37     Fax:     (602) 523-9000
38
39
40 On Behalf of Independent Certified Emergency Professionals:
41
42     JOSHUA S. BARKLEY, President
43     11417 East Decatur Street
44     Mesa, Arizona  85207
45
46

1  open to that.
2     We had an incident yesterday where there were a few words
3  in a document that the parties thought, both parties as a
4  matter of fact, PMT and ComTrans, thought was a bit sensitive,
5  and we worked that out by a side bar here at the bench. Nobody
6  but the attorneys knew what that was and we worked it out to
7  everyone's satisfaction.
8     I'm confident that with the assistance of the parties that
9  we would likewise work out any issues you have as to
10 proprietary information. It's not my intention to require you
11 to disclose proprietary information to your competitors.
12 That's not what this proceeding is about. And I will work with
13 you as best I can to ensure that doesn't happen. I'm sensitive
14 to the real climate out there, and I don't want to harm your
15 client's business prospects in this proceeding. You have that
16 commitment from me.
17    Ms. Lyons, what's your position on that or the General
18 Counsel's position?
19    MS. LYONS: Well, Your Honor, you have given them an
20 opportunity to prepare privileged logs for the documents, and
21 you have given them an opportunity to show what documents are
22 sensitive if they are having difficulty with them. This has
23 been my difficulty trying to work anything out because I don't
24 know what documents we're talking about. I've not had any of
25 them identified. I'm just given this broad they're

1  proprietary, and we're afraid that our competitors will receive
2  them.  And, Your Honor, just on that note, it's been stated now
3  twice that Southwest Ambulance, a competitor, is in this court
4  room monitoring this proceeding.  The only person in here is an
5  employee of Southwest, not a manager and not a supervisor.  So
6  I would take issue with that.
7        JUDGE KOCOL:  Yes, but that won't -- to the extent that
8  these are open proceedings, I will remain sensitive to any
9  concerns by PMT or ComTrans as to who is in the room or who is
10 not.  But you also are willing to cooperate, the General
11 Counsel is also willing to cooperate to see that none of this
12 proprietary information, assuming it's legitimately proprietary
13 information, is put out for the general public?
14       MS. LYONS:  With that assumption, yes.  Yes, Your Honor.
15       JUDGE KOCOL:  Okay.  So that takes care of that.  I don't
16 see your argument there, Mr. Kennedy.  But continue as to why
17 you're not --
18       MR. KENNEDY:  Well, I think first, Your Honor, I think
19 there was a comment made before.  I think the comment that the
20 court had made is that the company was refusing to provide
21 anything.  And of course --
22       JUDGE KOCOL:  That stands corrected now.
23       MR. KENNEDY:  Yes.  And point two, we are not necessarily
24 saying there's any motivation to cause any kind of economic
25 harm, but the upshot of it would inevitably be exactly that.  I

1  haven't heard really any kind of commitments or the kind of
2  assurances which the company would need before it lays bare the
3  crown jewels of how the company runs.
4      JUDGE KOCOL: Well, I'm asking you what those assurances
5  are. What assurances do you want? I've asked you several
6  times. What else do you want?
7      MR. KENNEDY: Frankly, Your Honor, the company just cannot
8  take that risk. The risk of disclosure and divulging
9  confidential proprietary information is just too high for this
10 company.
11     JUDGE KOCOL: Well, you're saying different things now,
12 Mr. Kennedy. You're saying you want additional assurances, and
13 I'm asking you what those are, and you say no additional
14 assurances at all unless I provide you with the certainty you
15 need to turn those documents over.
16     MR. KENNEDY: Well, no. I'm sorry. Go ahead.
17     JUDGE KOCOL: But again, just cite me a case. I'm always
18 learning. I'm willing to look at any case you might have that
19 allows you to simply not even provide a list of the documents
20 or identify the documents or an in camera inspection, but
21 simply refuse to turn those over. I know of no such case. If
22 you know of one, please let me know.
23     MR. KENNEDY: Well, I will say the Supreme Court in
24 Detroit-Edison certainly commented on the legitimacy of an
25 employer's confidentiality argument.

1     JUDGE KOCOL:  Now during our conference call, I required
2  both Respondents to fill out a privilege log identifying any
3  documents that they claimed were subject to a privilege, and
4  the log would indicate the date of the document, a brief
5  description of the document, the privilege asserted, and that
6  privilege log was to be provided to the General Counsel, and
7  the General Counsel, if they had any objection, would bring
8  that to my attention, and I would resolve the issue by an in
9  camera inspection of the documents covered by the privilege.
10     I also was concerned about the sensitivity of certain of
11 the documents as raised in the petitions to revoke by PMT and
12 ComTrans.  And I therefore required as a preliminary matter
13 that the General Counsel agree not to photocopy those documents
14 or show those documents to anyone outside of the NLRB without
15 either first the okay from PMT or ComTrans as the case may be
16 or without approval from me.  So let's stop right there.  Do we
17 all agree that was the foundation?
18     MS. LYONS:  Yes, Your Honor.  Those items identified as
19 not being able to be copied.
20     MR. KENNEDY:  I recall that, yes, sir.
21     MR. RILEY:  That was my understanding also.
22     JUDGE KOCOL:  All right.  So that took care of the
23 preliminary matters.  Now can you agree to abide by my
24 instructions?
25     MS. LYONS:  I do, Your Honor.