BEFORE THE
NATIONAL LABOR RELATIONS BOARD
REGION 28

In the Matter of:

PROFESSIONAL MEDICAL TRANSPORT, INC.

and

PROFESSIONAL MEDICAL TRANSPORT, INC.,
and its alter ego AMERICAN COMTRANS
AMBULANCE SERVICE, INC.,

and

INDEPENDENT CERTIFIED EMERGENCY
PROFESSIONALS OF ARIZONA, LOCAL #1.

Cases:  28-CA-22747
        28-CA-22801
        28-CA-22993
        28-CA-23022

The above-entitled matter came on for hearing pursuant to Notice, before **WILLIAM G. KOCOL, Administrative Law Judge**, at the National Labor Relations Board, Region 28, 2600 North Central Avenue, Phoenix, Arizona, on Monday, June 7, 2010.

Argie Reporting Service
5900 Nieman Road, Suite 200
Shawnee, Kansas  66203
Phone: (913) 422-5198

Exhibit B

## A P P E A R A N C E S

```
 1
 2
 3   On Behalf of Counsel for General Counsel:
 4
 5      SANDRA LYONS, ESQ.
 6      NATIONAL LABOR RELATIONS BOARD - Region 28
 7      2600 North Central Avenue, Suite 1800
 8      Phoenix, Arizona  85004
 9      Phone:    (602) 640-2160
10      Fax:      (602) 640-2178
11
12
13   On Behalf of Professional Medical Transport, Inc.:
14
15      THOMAS J. KENNEDY, ESQ.
16      SHERMAN & HOWARD
17      7047 East Greenway Parkway, Suite 155
18      Scottsdale, Arizona  85254
19      Phone:    (480) 624-2725
20      Fax:      (480) 624-2029
21
22      MICHAEL C. GRUBBS, ESQ.
23      SHERMAN & HOWARD
24      2800 North Central Avenue, Suite 1100
25      Phoenix, Arizona  85004
26      Phone:    (602) 240-3088
27      Fax:      (602) 240-6600
28
29
30   On Behalf of ComTrans:
31
32      DANIEL RILEY, ESQ.
33      CURRY, PEARSON & WOOTEN, PLC
34      814 West Roosevelt Street
35      Phoenix, Arizona  85007
36      Phone:    (602) 258-1000
37      Fax:      (602) 523-9000
38
39
40   On Behalf of Independent Certified Emergency Professionals:
41
42      JOSHUA S. BARKLEY, President
43      11417 East Decatur Street
44      Mesa, Arizona  85207
45
46
47
```

1  We moved to revoke and that petition was denied.  In the
2  meantime, we tried to review documents to see what was the kind
3  of information that we would be willing to provide, willing to
4  have in the public domain, and what we could gather within the
5  timeframe that we had, and I have provided those few documents
6  to Ms. Lyons.
7       In addition to that, PMT believes that on the face of the
8  Complaint, the allegations can't be true, and therefore, they
9  should not be submitted to hundreds of hours of combing through
10 paper to try to respond to an over-broad request dealing with
11 an allegation that cannot be proven.  We were hoping that the
12 Board would rule on the MS -- on the Motion for Summary
13 Judgment.  They did not, but for that reason, only limited
14 documents were provided.
15      JUDGE KOCOL:  All right, when will you get the rest of the
16 documents, because I denied the Petition to Revoke, for the
17 most part -- I granted some of them, but for the most part, I
18 denied the Petition to Revoke especially on the alter ego
19 issue, so where are those documents?  How soon will they be
20 provided?
21      MR. GRUBBS:  The documents that are available and have
22 been gathered, have been provided.  There is just physically no
23 way that we can get all of the documents that they asked for,
24 and in addition, the confidential -- confidentiality concerns
25 are overriding to PMT in terms of --

1    JUDGE KOCOL:  I already addressed that, Mr. Grubbs --
2    pardon me for interrupting you -- in our off-the-record
3    conversation a few days ago, and I specifically addressed that
4    issue and directed you to identify to the General Counsel any
5    of those documents are of a proprietary nature and I directed
6    Ms. Lyons not to photocopy those or even show them to anyone
7    else outside the NLRB, without either your permission, or if
8    there is some dispute, my permission.  So, those are addressed.
9    Any proprietary information that in the sense that -- to the
10   General Counsel, that would be covered by my directive an -- if
11   there is a dispute.
12       MR. GRUBBS:  And I think PMT's response to that would be
13   that it is -- it is -- once the documents are out there,
14   whether there is a confidentiality agreement or an agreement by
15   the NLRB to not photocopy them, the information is out there in
16   the public domain and that is not -- that is not a risk that
17   they are willing to take with the amount of documents that were
18   requested.
19       I can get -- touch base with them and see if there are
20   other documents that they will be more comfortable providing,
21   but for right now --
22       JUDGE KOCOL:  Mr. Grubbs, you must comply with a -- you
23   must comply with a valid subpoena duces tecum.  I have heard no
24   argument from you so far that would absolve you from fully
25   complying with the subpoena as I modified it several days ago.

1  of Counsel.

2      We completely and wholeheartedly endorse them, but the
3  competitive risks here are so great and so steep that we would
4  be very much in favor of the courtroom being closed during any
5  testimony having to do with the kind of proprietary, sensitive,
6  confidential information that we are talking about.

7      JUDGE KOCOL: I can only do it once a specific document is
8  identified, so I can get a sense as to what it is. So, if we
9  get to that point, where you are requesting some additional
10 measures, ComTrans or PMT, if something is going to be coming
11 out, either by question from the Union or the General Counsel,
12 or by a document that may be offered into evidence, make your
13 objection and we will construct some way that deals with that
14 situation.

15     MR. KENNEDY: Your Honor, one other point. You may have
16 already passed on this -- you may have already decided, but I
17 just want to say frankly, that I think the Court's comment
18 earlier was right on, and that is that I think the General
19 Counsel's theory here is misconceived. There may be, and I
20 emphasize maybe, a possible joint employer/single employer
21 argument, but there is certainly no alter ego in any kind of
22 traditional NLRB sense.

23     This isn't like a successorship case where, to use the
24 expression, there is disguised continuance. There is no
25 disguised continuance in any of these entities, so I just pass