## SUPPLEMENTAL DECLARATION OF JAMES ROEDER

**JAMES ROEDER**, under penalty of perjury, states as follows:

41. This declaration supplements the information in my previous declaration filed in *National Labor Relations Board v. Professional Medical Transport, Inc., et. al.,* Case No 2:10-mc-0061 on July 15, 2010.

42. Requests 8, 11, 14, and 27 of the NLRB's subpoena duces tecum seek information that is only available upon review and redaction of tens of thousands of transport invoices.

43. In order to respond to the above-referenced requests and supply the NLRB with the information requested therein, PMT would have to review the invoices of each and every transport ("Invoices") since January 2009. From January 1, 2009 to May 10, 2010, the time period covered by the subpoena duces tecum, PMT performed approximately 90,000 transports. Each of the transports results in an invoice that has approximately 10 pages. Accordingly, for the relevant time period, there are approximately 900,000 pages of documentation.

44. To comply with the respective patients' right to privacy, PMT will have to review each of the 900,000 pages to redact information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936, 42 U.S.C. § 1320 *et. seq.* PMT is prohibited by HIPAA from disclosure of the Invoices because they contain "individually identifiable health information."

45. It took me approximately 15 minutes to review and redact a sample transport Invoice in accordance with HIPAA regulations. Based on that time approximation, it would take 22,500 hours of time to review and redact the documents.

46. The review and redaction of the Invoices as described above would cause significant harm and interruption to PMT's business.

47. Additionally, the Invoices described above also contain highly sensitive business information, which, if revealed to PMT's competitors, would cause significant harm to its competitive position in the market.

48. If the Invoices were viewed and analyzed in aggregate by PMT's competitors, PMT's competitors could use the information gleaned from the Invoices to target their marketing efforts to facilities at which PMT has a significant presence. Namely, the Invoices could be reviewed to see how many visits PMT makes to a given facility over a given time period.

49. The information as to how many visits PMT makes to a given facility in a specified time period is not public knowledge.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed: August 9, 2010.

*[signature]*
JAMES ROEDER