**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE: (602) 240-3000
FAX: (602) 240-6600
(AZ BAR FIRM NO. 00441000)

Arthur W. Pederson (AZ Bar No. 002821)
(APederson@ShermanHoward.com)
Thomas J. Kennedy (AZ Bar No. 006907)
(TKennedy@ShermanHoward.com)
Michael C. Grubbs (AZ Bar No. 024032)
(MGrubbs@ShermanHoward.com)
Attorneys for Respondents Professional Medical Transport, Inc., and Bob Ramsey

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Labor Relations Board,<br><br>Applicant,<br><br>v.<br><br>Professional Medical Transport, Inc.,<br><br>and<br><br>Professional Medical Transport, Inc. and its alter ego American Comtrans Ambulance Service, Inc.<br><br>and<br><br>Bob Ramsey, an individual,<br><br>Respondents. | Case No. MC10-0061-PHX-DGC<br><br>**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

Respondents Professional Medical Transport, Inc. ("PMT" or "Respondent") and Bob Ramsey submit this reply in support of Motion for Protective Order (the "Motion"). PMT is entitled to an administrative protective order from this Court from the subpoena categories 6, 7, 8, 9, 10, 11, 12, 14, 19, 24, 25, 26, 27, and 38 (the "Disputed Documents"), as identified in NLRB's Application for Order to Show Cause Requiring Compliance with Subpoena Ad Testificandum and Subpoenas Duces Tecum (the "Application"), because such information is irrelevant to the underlying action, unduly burdensome on PMT, and seeks disclosure of proprietary, confidential information that

is entitled to protection by the Court. A Memorandum of Points and Authorities in support of this motion is attached hereto and incorporated herein by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In Section 11 of the National Labor Relations Act, 29 U.S.C. § 161(2), Congress entrusted Article III judges with the exclusive authority to decide whether documents were required to be produced to the National Labor Relations Board ("NLRB") in response to an NLRB subpoena. This is a critical statutory and constitutional role because the district courts are charged with ensuring that executive federal agencies are not abusing their subpoena power – a particularly important check given the otherwise widespread powers granted many federal agencies like the NLRB.

The pending matter highlights the importance of that responsibility and arises in an unusual posture because the NLRB is attempting an end run around this Court's authority. The NLRB seeks to have this Court abdicate its authority over subpoena enforcement issues and let the ALJ resolve any concerns that PMT has regarding the document requests. The NLRB fails to realize that ALJ is also the parties' fact-finder and is likewise employed by the NLRB. Regardless, only this Court - not an Article II ALJ - has the authority to: (1) order compliance with the NLRB's subpoena; (2) assess confidentiality and relevance issues arising under that NLRB subpoena; and (3) conduct any evidentiary hearing or *in camera* inspection which might be necessary to resolve confidentiality issues. Therefore, the NLRB's contention that this Court should simply "butt out" and leave this job to the ALJ is improper.

**A.   In NLRB Proceedings, This Court Has The Exclusive, Non-Delegable Authority Over NLRB Subpoena Enforcement Issues.**

In its Response, the NLRB claims that the Court is without authority to do anything other than order compliance with the NLRB's subpoena. The NLRB also claims that any protective order entered by the Court would be an improper exercise of control over the NLRB. (Response at 7:10-13). On the contrary, Section 11 of the

National Labor Relations Act vests the district courts with the exclusive jurisdiction to decide whether documents are to be produced in response to an NLRB subpoena.

> In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

29 U.S.C. § 161(2). This statute requires evaluating claims that documents are exempt from production. *See* Section B, *infra*; *see also NLRB v. Detroit Newspapers,* 185 F.3d 602, 606 (6th Cir. 1999) ("the district court had the obligation, as a matter of law, to determine whether the subpoenaed documents were protected by some privilege").

The non-delegable nature of the court's role in determining whether evidence must be turned over to a federal agency is long-standing. In *Interstate Commerce Commission v. Brimson,* 154 U.S. 447 (1894), overruled on other grounds, *Bloom v. Illinois,* 391 U.S. 194 (1968), the Supreme Court specifically held that the court's duty to decide whether subpoenaed evidence be turned over to a federal agency *cannot* be delegated to an administrative tribunal:

> The inquiry whether a witness before [an agency] is bound to answer a particular question propounded to him, or to produce books, papers, etc. in his possession and called for by that body, is one that **cannot be committed to a subordinate administrative or executive tribunal for final determination.**

*Id.* at 485 (emphasis added).

The Ninth Circuit has held that the foregoing language "makes clear that challenges to [NLRB] agency subpoenas *must be resolved by the judiciary* before

compliance can be compelled." *NLRB v. Int'l Medication Systems, Ltd.,* 640 F.2d 1110, 1115-16 (9th Cir. 1981), *cert. denied, Int'l Medication Systems, Ltd. v. NLRB*, 455 U.S. 1017 (1982) (emphasis added). "Congress granted the district courts **exclusive authority** to compel compliance with NLRB subpoenas." *Id.* (emphasis added). Obviously, the above decisions make clear that this Court – and only this Court – has the authority to decide whether PMT is required to comply with the NLRB subpoena and how PMT should comply with the subpoena.

The Sixth Circuit, in *NLRB v. Detroit Newspapers,* 185 F.3d 602 (6th Cir. 1999) relied on *Int'l Medication Systems* above in rejecting the NLRB's argument that the ALJ in the underlying unfair labor practice case should be in charge of subpoena issues and document disputes. In *Detroit Newspapers,* the employer resisted producing attorney-client privileged documents in response to an NLRB trial subpoena. There, an NLRB ALJ ordered the employer to produce the privileged documents for an *in camera* inspection. When the employer refused to comply, the NLRB sought enforcement of that order in district court under Section 11(2), just as the NLRB seeks to do here. The district court dismissed the matter and sent the privilege issue back to the NLRB ALJ for determination. The Sixth Circuit reversed the district court's decision. The Sixth Circuit held that an Article III district court is not permitted to delegate to an Article II tribunal the exclusive authority given to it by Congress to enforce NLRB subpoenas, and may not abdicate its responsibility. *Id.* at 605. The Sixth Circuit further held that "the district court had the obligation, as a matter of law, to determine whether the subpoenaed documents were protected by some privilege, and had no discretion to delegate that duty to the ALJ." *Id.* at 606.

These cases illustrate why the NLRB's arguments are not viable. The Court must decide PMT's objection to the subpoena and can not simply leave it to the ALJ to determine what documents must be produced. This Court has exclusive authority over this subpoena enforcement matter and has the authority and responsibility to enter a protective order if it determines a protective order is warranted.

**B.     The Court Has Authority To Issue A Protective Order**

The Court also has the duty to determine whether the Subpoena (1) seeks material that is relevant to the underlying administrative proceeding; (2) is unreasonably overbroad or unduly burdensome; and (3) seeks information that is confidential in nature and subject to protection. *See, e.g., NLRB v. v. North Bay Plumbing, Inc.,* 102 F.3d 1005, 1007-1008 (9th Cir. 1996) (District courts must determine whether the material sought is relevant or unduly burdensome) and *EEOC v. American Apparel, Inc.*, 327 Fed. Appx. 11, 12 (9th Cir. 2009)[1] (recognizing that an administrative agency's subpoena powers "are subject to recognized privileges and protections"). The Court may refuse to enforce the Subpoena, in whole or in part, where these factors are not satisfied. *North Bay,* 102 F.3d at 1007.

In the Ninth Circuit, the "critical questions" to be determined by a district court in an administrative subpoena enforcement proceeding is limited to: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *North Bay,* 102 F.2d at 1007 (internal quotations and citations omitted). "If the agency demonstrates the existence of these factors, the court should enforce the subpoena unless the party subpoenaed proves the inquiry is unreasonably overbroad or unduly burdensome." *United States EPA v. Alyeska Pipeline Service Co*., 836 F.2d 443, 446 (9th Cir. 1988) (citing *EEOC v. Children's Hospital Medical Center,* 719 F.2d 1426, 1428 (9th Cir. 1983)).

The Board focuses much attention on elements (1) and (2) of the *North Bay* test, arguing that "the Board has proceeded with its investigation in accordance with its Congressional mandate," *see* Response at 4:27-28, and that the NLRB followed the proper procedural requirements, *see* Response at 5:5-25. PMT, however, does not contest that the NLRB has the authority to conduct its investigation or that it followed

---

[1] A true and correct copy of *EEOC v. American Apparel, Inc.*, 327 Fed. Appx. 11 (9th Cir. 2009) is attached hereto as Exhibit "A" for the Court's convenience.

the proper procedural requirements. Rather, PMT's Motion for Protective Order is based on the NLRB's subpoena that seeks information that is not relevant or material to its investigation and is otherwise protected and confidential.

District court "judges should not merely rubber-stamp subpoenas that come before them." *Dow Chemical Co. v. Allen*, 672 F.2d 1262, 1266 (7th Cir. 1982). Accordingly, "a district court reviews an agency's decision to issue a subpoena de novo." *NLRB v. G. Rabine & Sons, Inc.*, 2001 U.S. Dist. LEXIS 14090 (N.D. Ill. Sept. 6, 2001)[2]; *see also EEOC v. U.S. Fid. & Guar. Co.*, 414 F. Supp. 227, 232 (D. Md. 1976) ("A subpoena enforcement proceeding is a de novo proceeding before this Court."), *aff'd* 538 F.2d 324 (4th Cir. 1976)); *EEOC v. Food Town Stores, Inc.*, 1981 U.S. Dist. LEXIS 16139 at *4 (M.D.N.C. July 15, 1981)[3] (same). The district court's review is de novo because "the decision of [an] Administrative Law Judge is not binding on [a district court]." *United States v. Allen*, 494 F. Supp. 107, 111 (W.D. Wis. 1980), *aff'd Dow Chemical,* 672 F.2d at 1267 (affirming district court's "characterization of the application for enforcement as a de novo proceeding" because "[t]he ALJ's decision to issue the subpoenas and his denial of the motion to quash are not binding on the court as to the questions properly presented.").

A district court may impose a protective order on an administrative subpoena where the subpoena seeks information that is privileged or otherwise subject to protection.[4] *American Apparel*, 327 Fed. Appx. at 12; *see NLRB v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 999 (N.D. Cal. 2004) ("to the extent that there

---

[2] A true and correct copy of *NLRB v. G. Rabine & Sons, Inc.*, 2001 U.S. Dist. LEXIS 14090 (N.D. Ill. Sept. 6, 2001) is attached hereto as Exhibit "B" for the Court's convenience.
[3] A true and correct copy of *EEOC v. Food Town Stores, Inc.*, 1981 U.S. Dist. LEXIS 16139 (M.D.N.C. July 15, 1981) is attached hereto as Exhibit "C" for the Court's convenience.
[4] In the Response, the NLRB moves to strike the Motion based the citation of *Federal Communications Com. v. Schreiber*, 201 F. Supp. 421, 425 (S.D. Cal. 1962) and *Federal Communications Com. v. Schreiber*, 329 F.2d 517 (9th Cir. 1964). PMT recognizes that these two opinions were *modified* by the Supreme Court in *FCC v. Schreiber*, 381 U.S. 279. However, contrary to the NLRB's assertions, the portions of the opinions of the *Schreiber* Court of Appeals case and the *Schreiber* district court cases, namely that a district court has the power to issue a protective order in an administrative subpoena enforcement action, remain good law and were not overruled or modified by the Supreme Court in its opinion.

are any privacy and/or proprietary concerns attendant to the customer list, those concerns may be addressed by requiring production of the documents subject to a protective order"); *Dow Chemical*, 672 F.2d at 1277 (7th Cir. 1982) (recognizing that "in a subpoena enforcement action it is appropriate to consider the extent to which the burden of production may be lightened through a protective order"); *NLRB v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 314 (D.D.C. 2009) (recognizing a district court's authority to issue a protective order); *NLRB v. Evansville Courier Co.*, 937 F. Supp. 804, 807 (S.D. Ind. 1996) ("the district court is not precluded from considering whether there is some privilege which may be raised as a defense to the [administrative] subpoena"). In fact, to justify the entry of a protective order, a party need only make a "threshold showing of good cause to believe that discovery will involve confidential or protected information." *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 121 F.R.D. 264, 268 (M.D. N.C. 1988).

In *NLRB v. CEMEX, Inc*., Case No. 2:09-cv-2546-PHX-JAT (D. Ariz. February 1, 2010), amended *nunc pro tunc* effective December 21, 2009 (the "CEMEX Order"),[5] the NLRB filed an Application for Order to Show Cause in an attempt to enforce a subpoena issued by the NLRB against CEMEX. In response, CEMEX filed a motion for protective order, requesting that the District Court issue an order protecting certain documents because "those documents contain competitively and financially sensitive information, and also contain customer information." CEMEX Order at 2:14-16. The District Court issued the protective order, finding that "CEMEX has a substantial interest in protecting the confidentiality of their customer lists and profit/loss statements from the general public, and more specifically, their competitors and potential competitors." *Id.* at 3:3-5.

Similarly, in *NLRB v. BCI Coca-Cola Bottling Co*., the court explained that "[i]f deciding to enforce a subpoena, a court can protect the production of confidential

---

[5] A true and correct copy of *NLRB v. CEMEX, Inc*., Case No. 2:09-cv-2546-PHX-JAT (D. Ariz. February 1, 2010), amended *nunc pro tunc* effective December 21, 2009 is attached hereto as Exhibit "D" for the Court's convenience.

information produced in response to the subpoena by use of a protective order." 2008 U.S. Dist. LEXIS 113126 at *15 (S.D. Cal. Mar. 7, 2008), adopted by *NLRB v. BCI Coca-Cola Bottling Co.*, 2008 U.S. Dist. LEXIS 43641 (S.D. Cal. May 22, 2008).[6] Finding that that respondent BCI "ha[d] raised legitimate concerns regarding the production of its confidential information and potential for disclosure to its competitors," the court recommended that the parties lodge a proposed joint protective order. *Id.* at *16.; *see also* Fed. R. Civ. P. 26(c) (a court may "issue an order to protect a party or person from [a requirement] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

Clearly, the Court has both the authority and the obligation to consider PMT's objections to the NLRB Application for Order to Show Cause and issue a protective order in favor of PMT if the Court finds that the information sought by the NLRB is irrelevant, burdensome, or subject to protection.

C.   **The Court Should Issue The Protective Order**

In the Motion, PMT set forth specific objections to each category of the Subpoena Duces Tecum ("Subpoena") from which it seeks protection. Rather than address the merits of each of PMT's specific objections, the NLRB attacked the Motion as a whole on grounds that the Court is not authorized to impose a protective order. Other than this general objection, the NLRB has failed to address or articulate any specific objection to controvert why PMT is not entitled to a protective order.

The NLRB further objects to certain portions of the protective order submitted by PMT, claiming that the Court's issuance of a protective order would usurp the ALJ's authority. Response at 7-8. The NLRB is mistaken. For example, in *CEMEX,* the District Court rejected a similar argument from the NLRB and issued a protective order in favor of CEMEX that (1) required NLRB's General Counsel to keep confidential any

---

[6] A true and correct copy of *NLRB v. BCI Coca-Cola Bottling Co.*, 2008 U.S. Dist. LEXIS 113126 (S.D. Cal. Mar. 7, 2008) is attached hereto as Exhibit "E" for the Court's convenience.

PHOENIX \ 799423.1 \ 087465.002                     8

document identified by CEMEX to be confidential; (2) ordered the NLRB to not disclose the confidential material to the public; (3) ordered the exclusion of the public (including unions and competitors) from attendance at any administrative hearing in which the confidential information would be discussed; and (4) limited the NLRB's use to the confidential information to the prosecution and defense of the action. CEMEX Order at 6:16-7:8. Certainly, as demonstrated in *CEMEX,* the Court is authorized to issue the protective order requested by PMT.

Lastly, PMT has articulated clear, specific grounds for which a protective order is necessary. Attached hereto as Exhibit "F" is a summary of PMT's objections to the Disputed Documents, as set forth in the Motion. As demonstrated, PMT has identified the particular documents for which it seeks protection and has articulated the specific harm that it will suffer if the Court does not issue a protective order. PMT will further address its objections to disclosure of the Disputed Documents in its sur-reply in opposition to the Application.

PMT has a privacy interest in its confidential financial and propriety information. *See, e.g.,* CEMEX Order at p. 3:3-5 (finding that a party's interest in "protecting the confidentiality of their customer lists and profit/loss statements from the general public" justifies the issuance of a protective order). Disclosure of such information would result in PMT's competitors being able to immediately unfairly compete against PMT. PMT requests that the Court enter the protective order.

### D.     Conclusion

PMT seeks protection of the Disputed Documents because the documents contain confidential and proprietary financial, operational, and customer information which, if released to the public, could be used by competitors to undermine PMT's competitive position in the marketplace.[7] Likewise, production of certain categories of documents would be extremely burdensome upon PMT and are not relevant to the action instituted

---

[7] Indeed, a representative of Southwest Ambulance, a direct competitor of PMT, was in attendance at the July 16, 2010 hearing before this very Court.

by NLRB. Based on the foregoing, PMT requests that the Court enter a Protective Order prohibiting unauthorized disclosure with respect to the information produced by PMT for categories 6, 7, 8, 9, 10, 11, 12, 14, 19, 24, 25, 26, 27, and 38.

RESPECTFULLY SUBMITTED: August 9, 2010

**SHERMAN & HOWARD L.L.C.**

By /s/ Michael C. Grubbs
Arthur W. Pederson
Thomas J. Kennedy
Michael C. Grubbs
2800 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-1043
Attorneys for Professional Medical Transport, Inc., and Bob Ramsey

I hereby certify that on August 9, 2010, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

By: /s/ Tisha A. Davis