David A. Kelly
Sandra L. Lyons (AZ Bar ID 010781)
Mary G. Davidson (AZ Bar ID 021743)
National Labor Relations Board
Region 28
2600 North Central Avenue, Suite 1800
Phoenix, AZ  85004
Telephone:   (602) 640-2090
Facsimile:    (602) 640-2178

Attorneys for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>                    Applicant,<br><br>    vs.<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC.,<br><br>    and<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC. and its alter ego AMERICAN COMTRANS AMBULANCE SERVICE, INC.,<br><br>    and<br><br>BOB RAMSEY, an Individual<br><br>                    Respondent. | Case No.: 2:10-MC-00061<br><br>PETITIONER NATIONAL LABOR RELATIONS BOARD'S REPLY TO RESPONDENTS PROFESSIONAL MEDICAL TRANSPORT, INC. AND BOB RAMSEY'S RESPONSE IN OPPOSITION TO APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA AD TESTIFICANDUM AND SUBPOENAS DUCES TECUM PURSUANT TO SECTION 11(2) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED (29 U.S.C. § 161(2)) |

0

Pursuant to the Court's July 21, 2010 Order, Counsel for the Acting General Counsel of the National Labor Relations Board (Petitioner) submits this reply in support of its application for an order requiring Professional Medical Transport, Inc. (PMT) and Bob Ramsey (Ramsey) to comply with administrative subpoenas served upon them.

I.  **THE BOARD POSSESSES BROAD SUBPOENA POWERS AND ITS SUBPOENAS ARE SUBJECT TO LIMITED JUDICIAL REVIEW**

Under 29 U.S.C. Sec. 161(1), the Board is authorized to issue subpoenas requiring testimony or the production of evidence relating to "any matter under investigation or in question." When the subject of a subpoena refuses to comply, the Board has no independent statutory authority to enforce the subpoena. That job is left to the district courts. However, because district court authority over Board subpoena enforcement cases is conferred only by Section 11(1) of the Act, the conduct of such cases differs materially from general federal civil litigation. See *EEOC v. Deer Valley Unified School Dist.,* 968 F.2d 904, 906 (9th Cir. 1992) (EEOC's subpoena power "is dependent upon the interpretation of statutory authority, not the interpretations of the discovery provisions of the Federal Rules of Civil Procedure").[1] Unlike civil litigation, a "subpoena enforcement action is a summary procedure," *EEOC v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302, 1304 (9th Cir. 1983), designed to ensure expeditious handling. *NLRB v. Interstate Dress Carriers,* 610 F.2d 99, 112 (3rd Cir. 1979).

---

[1] Decisional law relating to administrative subpoenas issued by the EEOC is instructive because both the EEOC and the Board derive their power to issue subpoenas from 29 U.S.C. Sec. 161. See *National Labor Relations Board v. Carolina Food Processors, Inc.,* 81 F.3d 507, 510 n.2 (4th Cir. 1996).

Moreover, the district courts' authority in Board subpoena proceedings is more limited than in general civil litigation discovery disputes.[2] When reviewing administrative subpoenas, including Board subpoenas, the Ninth Circuit has emphasized that "[t]he scope of our inquiry in an agency subpoena enforcement proceeding is narrow." *NLRB v. North Bay Plumbing, Inc*., 102 F.3d 1005, 1007 (9th Cir. 1996), citing *EEOC v. Children's Hospital Medical Center of Northern California,* 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), abrogated on other grounds by *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991); see also *EEOC v. Federal Express Corp*., 558 F.3d 842, 848 (9th Cir. 2009) ("inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow"); *NLRB v. Int'l Medication Sys., Ltd*., 640 F.2d 1110, 1114 fn. 2 (9th Cir. 1981) ("district court 'may undertake only an extremely limited inquiry' in deciding whether to enforce the subpoenas").

In the Ninth Circuit, three "critical questions" form the basis of this summary procedure:  "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *North Bay Plumbing,* 102 F.3d at 1007.  If these minimal standards are met, *North Bay* directs that "the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is

---

[2] Indeed, the Advisory Committee Notes issued upon the adoption of Rule 45 of the Federal Rules of Civil Procedure provide that Rule 45 "does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority.  The enforcement of such subpoenas by the district courts is regulated by appropriate statutes."  The Notes specifically include Section 11 of the Act as one of the "appropriate statutes."

overbroad or unduly burdensome." Id.  As shown below, the Board's subpoenas meet the requirements for enforcement and should, therefore, be enforced.

## II.     PROCEDURAL REQUIREMENTS HAVE BEEN FOLLOWED

Although PMT does not suggest any procedural deficiency in the service of the subpoena on it, Ramsey contends that the subpoena served upon him is procedurally deficient because it was "served via certified mail to PMT's operational headquarters" and signed for by someone other than Ramsey.  Section 11(4) of the Act expressly provides that "process and papers of the Board . . . may be served either personally or by registered or certified mail . . .."  29 U.S.C. sec. 161(4).  Section 102.113(c) of the Board's Rules and Regulations state that "[s]ubpoenas shall be served upon the recipient either personally or by registered or certified mail or by telegraph, or by leaving a copy thereof at the principal office or place of business of the person required to be served."  Ramsey has been subpoenaed to testify in the underlying unfair labor practice proceeding in his capacity as President of PMT.  The subpoena was served by certified mail at PMT's principal place of business,[3] and that Ramsey may maintain an executive suite apart from the principal place of business so that he may oversee other enterprises is immaterial.  See *FTC v. Carter,* 636 F.2d 781 (D.C. Cir. 1980) (enforcing subpoenas addressed to corporate officers, but received by other employees within the corporation, where officers had notice of subpoenas and adequate opportunity to prepare a defense).

Ramsey also suggests that there was some procedural irregularity because, when

---

[3]  See http://www.pmtambulance.com/contact.php which identifies the address used for service of the subpoena as the address to direct contacts for PMT.

3

the initial hearing date was postponed (at PMT's request), he was not provided a new subpoena, but instead was informed by letter of the new hearing date and that the original subpoena remained in effect. Neither the Act nor the Board's Rules and Regulations preclude this practice; indeed, it appears generally accepted in Board proceedings. See *M.J. Santulli Mail Services,* 281 NLRB 1288, 1293 (1986) ("the General Counsel sent two letters by regular mail to Respondent, with copies to counsel for Respondent, advising them of the rescheduled hearing date and of the fact that the subpoenas were still in effect"). Moreover, the Administrative Law Judge directed Ramsey to appear based on the subpoena. (See Exhibit A at 8-9; Exhibit B at 140) Finally, Ramsey's suggestion that his subpoena should be thrown out because the Petitioner did not follow the Board's Casehandling Manual procedures by providing a courtesy copy to counsel is meritless. The Casehandling Manual expressly states that "it is not a form of binding authority, and the procedures and policies set forth in the Manual do not constitute rulings or directives of the General Counsel or the Board."[4] See *Sitka Sound Seafoods, Inc. v. NLRB,* 206 F.3d 1175, 1182 (D.C. Cir. 2000) ("the Casehandling Manual does not bind the Board").

**III     THE BOARD'S ADMINISTRATIVE SUBPOENA SEEKS RELEVANT INFORMATION**

The Supreme Court has made it clear that the standard for relevance in administrative subpoena enforcement proceedings is extremely broad. See *EEOC v. Shell Oil Co.,* 466 U.S. 54, 68-69 (1983) ("courts have generously construed the term

---

[4]  This provision may be found at http://www.nlrb.gov/nlrb/legal/manuals/CHM1/2009/CHM1.pdf at "Purpose of Manual."

4

'relevant' and have afforded the [EEOC] access to virtually any material that might cast light on the allegations against the employer"); *United States v. Morton Salt Co.,* 338 U.S. 632, 652 (1950) (information need only be "reasonably relevant" to the matter under investigation). In *Federal Maritime Commission v. Port of Seattle,* 521 F.2d 431, 433 (9th Cir. 1975), the Ninth Circuit explained this standard as follows:

> [T]he Congress and the Supreme Court have effectively narrowed the scope of the district courts' powers to ascertaining 'whether the information sought is relevant to any lawful purpose of the administrative authority.' 1 K. Davis, Administrative Law Treatise, sec. 3.12, at 220 (1958 ed.) Or, as Justice Jackson put in *Endicott Johnson Corp. v. Perkins,* supra, 317 U.S. at 509, 63 S.Ct. 339, whether the evidence sought by the subpoena was not "plainly incompetent or irrelevant" to "any lawful purpose" of the agency. If it is not, the district court is obligated to compel production of the documents.

See also *Children's Hospital,* 719 F.2d at 1429 (administrative subpoena should be enforced if "[t]he evidence sought by the subpoena [is] not plainly incompetent or irrelevant to any lawful purpose").

Moreover, in reviewing issues of relevance, it is well established that "the district court defers to 'the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong.'" *NLRB v. American Medical Response, Inc.,* 438 F.3d 188, 193 (2nd Cir. 2006); accord *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110 (4th Cir. 1997); *Resolution Trust Corp. v. Walde,* 18 F.3d 943 (D.C. Cir. 1994); *NLRB v. Champagne Drywall, Inc.,* 502 F. Supp.2d 179 (D. Mass 2007); *EEOC v. Guess?, Inc.,* 176 F.

Supp.2d 416 (E.D. Pa. 2001).[5]  Here, not only has the Petitioner determined that the documents and testimony sought is necessary for presenting its case, so too has an Administrative Law Judge, who has reviewed the subpoenas item by item and determined that they are neither overly broad nor unduly burdensome.

There can be little question that the information sought in the subpoenas meets, and far surpasses, the minimal "plainly incompetent or irrelevant" standard.  Much of the information sought pertains to the complaint allegation that PMT and American Comtrans Ambulance Service (Comtrans) are alter egos, and is the same type of information developed in any alter ego case.  In *NLRB v. Midwest Heating and Air Conditioning, Inc.,* 528 F. Supp.2d 1172, 1177-78 (D. Kan. 2007), the district court enforced a Board subpoena seeking substantially identical categories of information sought here.[6]  Other information sought includes information about employees PMT has disciplined or fired, which pertains to the complaint allegation that it discriminated against employees who engaged in Union activities.  Again, courts have recognized the relevance of such comparative data and enforced subpoenas seeking the same.  See, e.g.,

---

[5] In *EEOC v. Federal Express Corp.*, 558 F.3d at 851 n.3, the Ninth Circuit applied a "deferential standard" when reviewing an agency's determination that it had authority to issue an administrative subpoena

[6] These categories of information included, for example, information pertaining to:  any person who had a proprietary interest in the corporations; the corporations' directors, officers, managers, supervisors, and employees; instances in which employees of one corporation performed services for the other; customers of the corporations; bids for work; vehicles and other equipment; bank accounts; physical locations and telephone numbers; attorneys, accountants, bookkeepers, payroll preparers, and tax preparers; lines of credit; workers' compensation and other insurance; contracts and other business transactions between the corporations; communications with customers; licensing; and transfers of funds between the corporations.  528 F. Supp.2d at 1177-78.

6

*North Bay Plumbing,* 102 F.3d at 1008 (enforcing Board subpoena for comparative data regarding applicants hired instead of the discriminatee); *EEOC v. Las Vegas Metropolitan Police Dept.,* 143 FRD 233, 234 (D.Nev. 1991) (enforcing subpoena for personnel files and records).

In an effort to make the materials requested in the subpoenas appear irrelevant, PMT argues that the Board's alter ego allegation is factually flawed. In support of its position, PMT relies upon facts asserted in a summary judgment motion rejected by the Administrative Law Judge, containing facts it would hope to establish in the unfair labor practice trial. (See Exhibit A at 36-57) This attempt to misdirect the Court in this subpoena enforcement hearing is unavailing. In *Endicott Johnson,* 317 U.S. 501, 508-09 (1943), the Supreme Court held that courts should not refuse to enforce an administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law. Accord *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 216 (1946); *United States v. Morton Salt Co.,* 338 U.S. at 652-53; *United States v. Powell,* 379 U.S. 48, 57-58 (1964).

This principle is also alive and well in this Circuit, as illustrated by *EEOC v. Children's Hospital and Medical Center*. In *Children's Hospital,* the EEOC issued administrative subpoenas to the hospital. The hospital refused to comply with the subpoenas, arguing that any claims against it were barred by the res judicata effect of a previous consent decree. The district court agreed with the hospital, reasoning that the EEOC lacked jurisdiction over the hospital because of the consent decree. 719 F.2d at 1427. The Ninth Circuit reversed, holding that the only issue before it in a subpoena

7

enforcement proceeding was whether the evidence sought was material and relevant to a matter under investigation, and not whether there existed a valid defense: "a party may not defeat agency authority to investigate with a claim that could be a defense if the agency subsequently decides to bring an action against it." Id. at 1429; see also *Pacific Maritime Association v. Quinn,* 491 F.2d 1294, 1296 (9th Cir. 1974) (party may not raise factually disputed statute-of-limitations defense to challenge administrative subpoena).[7]

## IV.   PMT HAS FAILED TO ESTABLISH THAT THE SUBPOENAS ARE UNDULY BURDENSOME

It is PMT's burden to prove that the subpoenas are overbroad or unduly burdensome. As the district court in *EEOC v. Aaron Brothers, Inc.,* observed, "[t]hat burden is difficult to meet." 620 F. Supp.2d 1102, 1106 (C.D. Cal. 2009), citing *EEOC v. Maryland Cup Corp.,* 785 F.2d 471, 477 (4th Cir. 1986) ("[T]he burden of proving that an administrative subpoena is unduly burdensome is not easily met."); see also *EEOC v. United Air Lines, Inc.,* 287 F.3d 643, 653 (7th Cir. 2007) ("[T]he employer "carries the difficult burden of showing that the demands are unduly burdensome or unreasonably

---

[7]  The Ninth Circuit reaffirmed this principle in *EEOC v. Karuk Tribe Housing Authority,* 260 F.3d 1071, 1076-77 (9th Cir. 2001), where it held that "a party may not avoid an administrative subpoena on the ground that it has a valid defense to a potential subsequent lawsuit" except in "limited circumstances when the defense is 'jurisdictional' in nature – i.e., when the agency lacks jurisdiction over the subject matter of the investigation." Here, PMT does not, and cannot, question the Board's jurisdiction over it. Its defenses are purely factual, that is, whether a factual basis exists for the Board's allegation that Comtrans is an alter ego of PMT.
Moreover, even if the Court were to examine the merits of PMT's argument that the alter ego allegation is frivolous because "both PMT and Comtrans have continuing operations," it is PMT's argument that is without basis. The Board and the courts have regularly found alter ego situations where both operations continue to exist. See, e.g., *Precision Builders,* 296 NLRB 105 (1989).

8

broad"); *NLRB v. Interstate Dress Carriers, Inc*., 610 F.2d 99, 112 (3rd Cir. 1979) ("the burden on the party to whom the subpoena is addressed is not a meager one").  To demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena "would seriously disrupt its normal business operations."  *Maryland Cup Corp.,*785 F.2d at 477; accord *EEOC v. Citicorp Diners Club, Inc.,* 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. A.E. Staley Mfg. Co.,* 711 F.2d 780, 788 (7th Cir. 1983), cert. denied, 466 U.S. 936 (1984).  As noted in *Valley Industrial Services, Inc. v. EEOC,* 570 F. Supp. 902, 907 (N.D. Cal. 1983), disruption of business operations is the appropriate standard, because "[e]very employer investigated ... may feel that compliance [with a subpoena] is burdensome."

  Under this standard, administrative subpoenas seeking the production of even thousands of documents have been found not to be unduly burdensome and have been routinely enforced.  *NLRB v. Carolina Food Processors, Inc.,* 81 F.3d 507, 513-14 (4th Cir. 1996); *NLRB v. G.H.R. Energy Corp.,* 707 F. 2d 110, 114 (5th Cir. 1982) (per curiam).  Thus, in *FDIC v. Garner,* 126 F.3d 1138, 1145-46 (9th Cir. 1997), the Ninth Circuit held that the subpoenaed party had not made a sufficient showing of burdensomeness where it asserted that compliance would involve disclosure of thousands of financial documents and over one million other documents.  See also *Citicorp Diners Club,* 985 F.2d at 1040 (affidavit stating compliance would require two employees working full time for six months insufficient; court held that establishing burden was not enough – there had to be disruption to company's ability to operate).  Applying this standard, courts have enforced administrative subpoenas seeking information regarding

the activities of alter egos extending to the 5-year period before the filing of the charge.

See *NLRB v. Line,* 50 F.3d 311, 314-15 (5th Cir. 1995) (per curiam).  By contrast, the

subpoena at issue here is limited to the approximately three and a half years before the

filing of the first charge.

## V. ENFORCEMENT SHOULD NOT BE DENIED ON CONFIDENTIALITY GROUNDS

PMT claims that disclosure of confidential information would create an undue

burden by placing it at a competitive disadvantage.  As already noted, the burden PMT

bears to show undue burden is "not easily met."  PMT has not presented any evidence to

establish that it meets this standard, particularly when the administrative law judge has

established a procedure to safeguard any legitimately confidential information produced

pursuant to subpoena or sought to be introduced at hearing.  This procedure includes in

camera inspection of privileged documents; an order barring Petitioner from copying any

documents designated confidential by PMT or Comtrans, or from showing such

documents to any party outside the Agency; sealing documents, and addressing, on a case

by case basis, how to protect confidential information in any documents sought to be

introduced at hearing.  (See Exhibit A at 10-15, 57-59; Exhibit B at 152-157; 166-170)

What PMT really seeks is to have the Court inject itself into the administrative trial by

means of a protective order which would allow it to directly "appeal" to this Court every

time it disagrees with the ALJ's ruling as to whether a document is relevant and should

be admitted into evidence, instead of following the Board's established special appeal

procedures.  This the Court should not do.  Section 11(2) does not invite courts to retain

jurisdiction to enforce Board subpoenas in incremental fashion, and doing so would violate the principle that subpoena enforcement proceedings are to be summary in nature. See *Interstate Dress Carriers, Inc*., 610 F.2d at 112 (subpoena enforcement proceedings should be summary so that they do not "become a means for thwarting the expeditious discharge of the agency's responsibilities"); see also *Port of Seattle,* 521 F.2d at 433 (the very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties of industry regulation is the rapid exercise of the power to investigate the activities of the entities over which it has jurisdiction and the right under the appropriate conditions to have district courts enforce its subpoenas").

     Moreover, even under general discovery rules, which are not applicable in subpoena enforcement proceedings, see *EEOC v. Deer Valley Unified School Dist.,* 968 F.2d at 906, it is well settled that a party asserting confidentiality "bears the burden *for each particular document it seeks to protect*, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added); see also *Beckman Indus., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). PMT has provided the Court only with speculation and conjecture as to the harm it would experience if the subpoena were enforced, not tied to any particular document. This is not enough, and enforcement of the Board's subpoena seeking relevant evidence cannot be denied on that basis.

**VI.    CONCLUSION**

Based on the foregoing, the Petitioner requests that the Court issue an order enforcing the Board's subpoenas.

Dated at Phoenix, Arizona, this 20th day of August 2010.

                           NATIONAL LABOR RELATIONS BOARD


                           /s/Sandra L. Lyons
                           David A. Kelly, Deputy Regional Attorney
                           Sandra L. Lyons, Field Attorney
                           Mary G. Davidson, Field Attorney
                           National Labor Relations Board
                           Region 28
                           2600 North Central Avenue, Suite 1800
                           Phoenix, AZ  85004
                           Telephone:    (602) 640-2090
                           Email:          sandra.lyons@nlrb.gov
                                           mary.davidson@nlrb.gov