# EXHIBIT B

# EXHIBIT B

# NATIONAL LABOR RELATIONS BOARD

Case Nos. 28-CA-22747, 28-CA-22801, 28-CA-22993 & 28-CA-23022

In the Matter of:

PROFESSIONAL MEDICAL TRANSPORT, INC.,

and

PROFESSIONAL MEDICAL TRANSPORT, INC., and its alter ego AMERICAN COMTRANS AMBULANCE SERVICE, INC.,

and

INDEPENDENT CERTIFIED EMERGENCY PROFESSIONALS OF ARIZONA, LOCAL #1.

Pages:   135 - 194

Place:   Phoenix, Arizona

Date:    June 8, 2010

RECEIVED PHX, AZ
NLRB - REGION 28
10 JUN 16 PM 2:13

Argie Reporting Service
5900 Nieman Road, Suite 200
Shawnee, Kansas 66203
(913)422-5198

Exhibit B

1  for witnesses to be taken out of sequence.  I'd be glad to go
2  on and talk about the subpoena duces tecum.
3      JUDGE KOCOL:  No, Mr. Kennedy.  A witness is not free to
4  ignore a validly served subpoena.  Now that applies to
5  everyone, including Mr. Ramsey.  That's basic.  That's
6  elemental.  He has no right to defy that subpoena.  Now when
7  will he be here?
8      MR. KENNEDY:  Your Honor, I would just be repeating what I
9  just indicated.  He has indicated he is available at the
10 resumption of the hearing in August.
11     JUDGE KOCOL:  No, that's out.  That's out.  We're back in
12 your court.
13     MS. LYONS:  Yes, Your Honor.  We would like to take leave
14 then to file a subpoena enforcement with the Federal District
15 Court.
16     JUDGE KOCOL:  I will grant you that permission.  It seems
17 to me that this is simply a matter of defiance of a subpoena,
18 and it's not up to Mr. Ramsey to decide when he appears.  These
19 are judicial proceedings, and he can't ignore these matters.
20 And frankly, I'm deeply troubled by his conduct here.  And so
21 should all of the attorneys as officers of the court.  We can't
22 have a system where anybody on any side, whether he's a CEO or
23 a janitor or any other classification can simply decide that
24 they will appear when they feel like it.  Our system can't work
25 that way.  So permission granted.

1    MR. GRUBBS:  Yes, that would be great.

2    JUDGE KOCOL:  How much time?  Can you give me an estimate?

3    MR. GRUBBS:  Ten minutes.

4    JUDGE KOCOL:  Ten minutes.  All right.  We'll come back at
5  a quarter of.  Off the record.

6  **(Off the record).**

7    Back on the record.

8    MR. GRUBBS:  I'm supplying to Ms. Lyons documents
9  regarding the bid to the City of Peoria in response to request
10 No. 50 I believe in the second subpoena duces tecum.

11   JUDGE KOCOL:  Now, have you identified any of those
12 documents per our arrangement as being sensitive?

13   MR. GRUBBS:  No, Your Honor.  I believe these are all
14 public records.

15   JUDGE KOCOL:  Public records.  Okay.  Anything else to
16 turn over?

17   MR. GRUBBS:  Not at this time, Your Honor.

18   JUDGE KOCOL:  All right.  So we'll come back them to you,
19 Mr. Kennedy and your arguments.  In terms of any proprietary
20 information covered by the remaining items of the subpoena,
21 I've already indicated on the record what our arrangement is.
22 The General Counsel has consented to this.  And I've stated
23 several times that I've invited counsel for both PMT and
24 ComTrans to make suggestions.  I'm open to them as to how we
25 can tighten this up a bit more, and if you have some, I remain

1  open to that.
2      We had an incident yesterday where there were a few words
3  in a document that the parties thought, both parties as a
4  matter of fact, PMT and ComTrans, thought was a bit sensitive,
5  and we worked that out by a side bar here at the bench. Nobody
6  but the attorneys knew what that was and we worked it out to
7  everyone's satisfaction.
8      I'm confident that with the assistance of the parties that
9  we would likewise work out any issues you have as to
10 proprietary information. It's not my intention to require you
11 to disclose proprietary information to your competitors.
12 That's not what this proceeding is about. And I will work with
13 you as best I can to ensure that doesn't happen. I'm sensitive
14 to the real climate out there, and I don't want to harm your
15 client's business prospects in this proceeding. You have that
16 commitment from me.
17     Ms. Lyons, what's your position on that or the General
18 Counsel's position?
19     MS. LYONS: Well, Your Honor, you have given them an
20 opportunity to prepare privileged logs for the documents, and
21 you have given them an opportunity to show what documents are
22 sensitive if they are having difficulty with them. This has
23 been my difficulty trying to work anything out because I don't
24 know what documents we're talking about. I've not had any of
25 them identified. I'm just given this broad they're

1  proprietary, and we're afraid that our competitors will receive
2  them. And, Your Honor, just on that note, it's been stated now
3  twice that Southwest Ambulance, a competitor, is in this court
4  room monitoring this proceeding. The only person in here is an
5  employee of Southwest, not a manager and not a supervisor. So
6  I would take issue with that.
7      JUDGE KOCOL: Yes, but that won't -- to the extent that
8  these are open proceedings, I will remain sensitive to any
9  concerns by PMT or ComTrans as to who is in the room or who is
10 not. But you also are willing to cooperate, the General
11 Counsel is also willing to cooperate to see that none of this
12 proprietary information, assuming it's legitimately proprietary
13 information, is put out for the general public?
14     MS. LYONS: With that assumption, yes. Yes, Your Honor.
15     JUDGE KOCOL: Okay. So that takes care of that. I don't
16 see your argument there, Mr. Kennedy. But continue as to why
17 you're not --
18     MR. KENNEDY: Well, I think first, Your Honor, I think
19 there was a comment made before. I think the comment that the
20 court had made is that the company was refusing to provide
21 anything. And of course --
22     JUDGE KOCOL: That stands corrected now.
23     MR. KENNEDY: Yes. And point two, we are not necessarily
24 saying there's any motivation to cause any kind of economic
25 harm, but the upshot of it would inevitably be exactly that. I

1  haven't heard really any kind of commitments or the kind of
2  assurances which the company would need before it lays bare the
3  crown jewels of how the company runs.
4      JUDGE KOCOL: Well, I'm asking you what those assurances
5  are. What assurances do you want? I've asked you several
6  times. What else do you want?
7      MR. KENNEDY: Frankly, Your Honor, the company just cannot
8  take that risk. The risk of disclosure and divulging
9  confidential proprietary information is just too high for this
10 company.
11     JUDGE KOCOL: Well, you're saying different things now,
12 Mr. Kennedy. You're saying you want additional assurances, and
13 I'm asking you what those are, and you say no additional
14 assurances at all unless I provide you with the certainty you
15 need to turn those documents over.
16     MR. KENNEDY: Well, no. I'm sorry. Go ahead.
17     JUDGE KOCOL: But again, just cite me a case. I'm always
18 learning. I'm willing to look at any case you might have that
19 allows you to simply not even provide a list of the documents
20 or identify the documents or an in camera inspection, but
21 simply refuse to turn those over. I know of no such case. If
22 you know of one, please let me know.
23     MR. KENNEDY: Well, I will say the Supreme Court in
24 Detroit-Edison certainly commented on the legitimacy of an
25 employer's confidentiality argument.

1   JUDGE KOCOL: Yes. I understand Detroit does. But that
2   does not rule out the provision of evidence at all in the
3   manner you're seeking to do so. It may be that once you
4   identify a particular document, it may be that it is so
5   sensitive in the eyes of the company and of so little weight
6   and of little relevance in this proceeding that it may be that
7   we can work out just a general summary. Maybe it is just the
8   dates that are needed. Maybe we can redact something. Or
9   maybe if there's no way of doing it and it has such little
10  relevance that I may say it's not worth it. It doesn't get in.
11  But we are not at that point. And that's what I'm making clear
12  here, Mr. Kennedy. If you were to identify those specific
13  documents like I asked you to do and proceed in that fashion a
14  document at a time or a group of documents at a time, we can
15  proceed in that fashion. We'll work something out. I've been
16  on the bench here for 15 years and I never had a case where we
17  can't work it out with the good faith of the parties. But just
18  simply saying I'm not going to turn over everything, there's no
19  precedent for that. Not Detroit-Edison or any other case that
20  I know of.
21      So any further comments?
22      MR. KENNEDY: I think frankly, Your Honor, I would simply
23  be just reiterating my earlier comments. I think what I hear
24  the court saying is kind of taken on faith, and the company's
25  lifeblood is at stake, and therefore, they cannot take it on

1  faith.

2      JUDGE KOCOL:  It's not a matter of taking it on faith.
3  It's taking it on the procedures that we're working out to
4  ensure that there will not be disclosure.  And I again ask you
5  -- well, I won't ask it again.

6      All right.  So that takes care of that.  You're not --
7  you're refusing to turn over anything else?

8      MR. KENNEDY:  I think -- just to make sure the record is
9  clear, I think we of course have turned over documents in
10 response to earlier subpoenas, and we have complied in part
11 with the subpoena except insofar as we cannot for reasons we've
12 already expressed.

13     JUDGE KOCOL:  All right.  So I'm going to ask you at some
14 point, Ms. Lyons, to identify those portions of the subpoena
15 that in your view have not been complied with, and we'll go
16 down it paragraph by paragraph if need be as to whether there
17 are documents there, and we'll proceed in that fashion.

18     MS. LYONS:  I would like to do that at this time, Your
19 Honor.

20     JUDGE KOCOL:  All right.

21     MS. LYONS:  What I would propose is that I present the
22 subpoenas to place them in the record, the petition to revoke,
23 there were two of them, the opposition, and then if we could do
24 the ruling on the record, as it wasn't on the record that we
25 had last Friday, and then we can go through what I've received

1    MR. RILEY:  And the issues that I brought up yesterday.  I
2 haven't received any documents for me to review to produce a
3 privileged log yet.  Once I receive the documents, I will of
4 course produce a privilege log and provide those.  But to
5 restate the issues that were brought up yesterday, we were
6 added to this case.  We've had barely a month to go from being
7 served with the charge to going to hearing.  So in that limited
8 amount of time, we've had to come up to speed on what is a very
9 complex and convoluted case.  We filed a motion for summary
10 judgment and have been working as diligently as we can to try
11 and be prepared for the hearing.  But this in my opinion an
12 emergency that was created by General Counsel.  The fact that
13 we don't have the documents is a byproduct of the fact that
14 General Counsel wanted to rush this thing to hearing so
15 quickly.
16    JUDGE KOCOL:  Now how soon can you get those documents?
17 In other words, do I hear you correctly?  You're not refusing
18 to comply?  You're going to turn over all that is covered by
19 the subpoena other than privileged documents?
20    MR. RILEY:  By having not seen the documents yet, I can't
21 raise any privilege arguments yet.  So I can't say whether
22 we're going to invoke a privilege as to any of the documents.
23 I've been told that some of these requests -- there are no
24 documents responsive to some of the requests in the subpoena.
25    JUDGE KOCOL:  You know your obligation.  You simply tell

1  the General Counsel either on the record or off the record
2  there are no documents and then we'll move on.
3      MR. RILEY:  Correct.
4      JUDGE KOCOL:  She can challenge that if she wants.
5      MR. RILEY:  Correct.
6      JUDGE KOCOL:  So I'm trying to understand you.  Is it that
7  -- how soon can you get at least some of the documents?
8      MR. RILEY:  Well, we can have everything produced by the
9  time we reconvene in August, but I'm not going to have any
10 documents this week.  I would be shocked if I had documents
11 this week.
12     JUDGE KOCOL:  That I can't understand, Mr. Riley.  I just
13 can't understand.  In my experience, two weeks to gather
14 documents pursuant to a subpoena seems to me in my experience
15 the standard practice.  Most subpoenas will allow about two
16 weeks before hearing.  It's my experience in my many years here
17 at the National Labor Relations Board.  And it would have been
18 one thing if you came in and said here's what we have so far,
19 but we're still working diligently on gathering these documents
20 from our warehouse or whatever.  I'd hear you on that.  But
21 simply showing up here, which is now a little over two weeks,
22 without a single document, I'm rejecting that.
23     So anything else you wish to say on this matter?  In other
24 words, I'm requiring you to produce the documents.  Just so the
25 record is clear.

1     MR. RILEY:  Having not seen the documents, I can't form a
2  specific argument as to why any of them should not be produced.
3  But to echo what counsel for Respondent PMT has said, my
4  assumption is that there is going to be a proprietary privilege
5  that's going to apply to some of those documents.  And Your
6  Honor asked for some legal authority on that issue.
7     Proprietary data is defined as any information that a
8  business entity substantially protects and does not freely
9  divulge to the public.  The citation for that is Southern New
10 England Telephone Company (2009), WL-4275191.
11    Trade secrets and proprietary data is protected from
12 disclosure.  It's not generally something that's treated with a
13 protective order.  It's a privilege that prohibits it from
14 being disclosed in the first place.  In the cases in support of
15 that argument are National ? USA Service, 348 NLRB 1235.
16    JUDGE KOCOL:  It's 1235?
17    MR. RILEY:  Yes, Your Honor.  Which was quoting Polaski
18 Construction Company, 345 NLRB 931.  Other cases with similar
19 holdings include Northern Indiana Public Service Company and
20 Detroit Newspaper Agency.
21    JUDGE KOCOL:  All right.  Now in those cases, and I'll
22 take a look at them, but in those cases did the -- I will bet
23 the Respondent there identified with some particularity the
24 nature of the documents subject to the privilege.
25    MR. RILEY:  And I understand.  And that's why I said, Your

1  Honor, I can't form a cogent argument as to why this privilege
2  applies because I haven't seen the documents yet.
3       JUDGE KOCOL:  And as I said, and I've said this at least
4  once, if it comes to the point where there is such a sensitive
5  document, it may be that I will, after an in camera inspection,
6  return the document to you and grant an appropriate motion that
7  it not be disclosed to the General Counsel because of the
8  sensitivity of the document outweighs the General Counsel's
9  need.
10      MR. RILEY:  I understand that.
11      JUDGE KOCOL:  Okay.  So shall I look at that case?  Does
12 that case say that you on your own can decide what's
13 proprietary or is it for me as the Judge in the first instance
14 to decide?
15      MR. RILEY:  I looked these cases up this morning shortly
16 before the hearing, and so I'm not prepared to --
17      JUDGE KOCOL:  All right.  I'll take a look.  But that's
18 the lead case.  It's 348 NLRB 1235?
19      MR. RILEY:  I believe so, Your Honor.
20      JUDGE KOCOL:  All right.  I'll take a look at that when we
21 take our next break.
22      All right.  So thank you, Mr. Riley.  So you're addressing
23 both subpoenas because they are substantially identical, are
24 they not?
25      MS. LYONS:  In part, Your Honor.

1     JUDGE KOCOL:  All right.  So let's keep going.  Let's go
2  to 4.
3     MS. LYONS:  I've received no documents.
4     JUDGE KOCOL:  And these are public documents, right?
5     MR. RILEY:  Yes, that's another document that I thought we
6  had given up.  I'll track that one down.
7     JUDGE KOCOL:  All right.  Keep going, Ms. Lyons.
8     MS. LYONS:  No. 5.  I believe -- I'm not sure if the
9  organization chart that was given to me was supposed to be in
10 response to 5, but in this folder, it's not labeled as 5.
11    MR. RILEY:  MR. GRUBBS:  Yes, Your Honor.  The org chart
12 that was provided in response to I believe the initial subpoena
13 was the only document that we have responsive to that request.
14    JUDGE KOCOL:  All right.  So let's drop 5.
15    MS. LYONS:  Five is dropped, Your Honor.  No. 6.  I've
16 received nothing.
17    MR. GRUBBS:  I don't believe we've given anything on No.
18 6.
19    JUDGE KOCOL:  All right.
20    MS. LYONS:  No. 7, Your Honor.  I've received nothing.
21    MR. GRUBBS:  We have not given any documents responsive to
22 No. 7.
23    JUDGE KOCOL:  Again, on 7, experience shows that on these
24 sort of things, monetary amounts, the terms of the lease and
25 that sort of thing can be easily redacted.  I'm just pointing