David A. Kelly
Sandra L. Lyons (AZ Bar ID 010781)
Mary G. Davidson (AZ Bar ID 021743)
National Labor Relations Board
Region 28
2600 North Central Avenue, Suite 1800
Phoenix, AZ  85004
Telephone:   (602) 640-2090
Facsimile:    (602) 640-2178

Attorneys for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>    Applicant,<br><br> vs.<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC.,<br><br> and<br><br>PROFESSIONAL MEDICAL TRANSPORT, INC. and its alter ego AMERICAN COMTRANS AMBULANCE SERVICE, INC.,<br><br> and<br><br>BOB RAMSEY, an Individual<br><br>    Respondent. | Case No.: 2:10-MC-00061<br><br>PETITIONER NATIONAL LABOR RELATIONS BOARD'S REPLY TO RESPONDENT AMERICAN COMTRANS AMBULANCE SERVICE INC.'S RESPONSE TO APPLICATION FOR ORDER TO SHOW CAUSE |

0

Pursuant to the Court's July 21, 2010 Order, Counsel for the Acting General Counsel of the National Labor Relations Board (Petitioner) submits this reply in support of its application for an order requiring American Comtrans Ambulance Service, Inc. (Comtrans) to comply with an administrative subpoena served upon it. To avoid duplication and conserve resources, this reply will not repeat the arguments contained in the Petitioner's contemporaneously-filed reply in support of its application for an order requiring Professional Medical Transport, Inc. (PMT) and Bob Ramsey (Ramsey) to comply with administrative subpoenas served upon them, which is incorporated herein by reference. Rather, this reply will focus on arguments raised by Comtrans not already addressed.

I.  **THE BOARD HAS JURISDICTION TO ISSUE A SUBPOENA TO COMTRANS**

At oral argument, Comtrans seemed to argue that it was not subject to subpoena because it was not an alter ego of PMT and had not engaged in any unfair labor practices; in essence, Comtrans would have the Court believe it was nothing more than a third party. Even if this were true (and it is not), Section 11(1) of the National Labor Relations Act (Act), 29 U.S.C. Sec. 161(1), plainly authorizes the Board to issue subpoenas to parties and non-parties alike. Specifically, the second sentence of Section 11(1) provides that "[t]he Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application." Examining this language, the Ninth Circuit

in *NLRB v. Bakersfield Californian,* 128 F.3d 1339, 1342 (9th Cir. 1997), concluded that the Board's subpoena power extends to persons and entities who are not parties to an unfair labor practice proceeding:

> By the second sentence, the Board is given the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any relevant evidence in a proceeding or investigation. Nothing in the second sentence, which relates to the NLRB's subpoena power, limits that power to persons being investigated or proceeded against.
>
> In this view we join the two other circuits that have construed section 11. *See NLRB v. Lewis,* 310 F.2d 364 (7th Cir. 1962); *Link v. NLRB,* 330 F.2d 437, 439 (4th Cir. 1964).  As the Seventh Circuit explained in *Lewis:*
>
>> Nothing in the second sentence, which relates to the Board's subpoena power, limits that power to persons being investigated or proceeded against. Congress having expressly limited the Board's power to examine and copy to persons being investigated or proceeded against and, in the very next sentence, omitting this limitation on the Board's subpoena power, it is plain that no such limitation was intended as to the latter.

See also *NLRB v. Frazier,* 966 F.2d 812 (3rd Cir. 1992) (reversing district court order and enforcing subpoena to non-party); *NLRB v. Evansville Courier Co.,* 937 F. Supp. 804, 808 (S.D. Ind. 1996) (Board has "power to subpoena documents in the possession of a third party which has not be accused of violating the Act").

Accordingly, even if Comtrans were not a party to the unfair labor practice proceeding, it is still subject to the Board's subpoena power.

## II.  COMTRANS IS PROPERLY A PARTY TO THIS PROCEEDING

But the reality is that Comtrans is not a third party to this proceeding.  On April 30, 2010, the Independent Certified Emergency Professionals of Arizona, Local 1

2

(Union), which was the certified bargaining representative of PMT's field paramedics, EMTs, IEMTs, and registered nurses, filed an unfair labor practice charge against Comtrans in Case 28-CA-23022.  (See Exh. A)  That charge named PMT and Comtrans as alter ego corporations, and alleged that the former was unlawfully transferring bargaining unit work to the latter.  Subsequently, pursuant to Section 10(b) of the Act, and Sections 102.15 and 102.17 of the Board's Rules and Regulations, an Order Further Consolidating Cases, Second Consolidated Complaint and Notice of Hearing (Complaint) issued naming PMT and Comtrans as respondents.  That Complaint alleges that "[a]t all material times the Respondent PMT and the Respondent Comtrans have had substantially identical management, business purpose, operation, equipment, customers, and supervisors, as well as ownership."  (See Order Further Consolidating Cases, Second Consolidated Complaint and Notice of Hearing, ¶ 1(e), ¶ 2(g), attached as Exhibit D to PMT's Mem. of P&A in Opp'n to NLRB's App. for Order to Enforce Administrative Subpoenas ("Complaint"))  The Complaint further alleges that PMT used Comtrans "for the purpose of evading its responsibilities under the Act," namely, bargaining in good faith with the Union, and that the two companies were alter egos.  Complaint para. 2(i), 2(j).  Finally, the Complaint alleges that, "Respondent PMT has transferred Unit work to the Respondent Comtrans."  Complaint para. 7(a) and 8(m).

   Thus, there can be little question that Comtrans is a party to the Board proceeding under the laws and procedures regulating Board actions.  See *Morgan's Holiday Markets, Inc., and Its Alter Ego, North State Grocery, Inc.*, 333 NLRB 837, 840 (2001), citing *Beverly Health Servs. v. Feinstein*, 103 F.3d 151, 152 (D.C. Cir. 1996), cert. denied 622

3

U.S. 817 (1997) (explaining the NLRA's "split-enforcement system" between the General Counsel and the Board).

Comtrans' argument then boils down to its position that the factual underpinnings of the Petitioner's alter ego allegation are lacking. For the reasons more fully described in the Petitioner's reply relating to PMT and Ramsey, courts should not refuse to enforce an administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law. See *Endicott Johnson,* 317 U.S. 501, 508-09 (1943); *United States v. Morton Salt Co.,* 338 U.S. 632, 642 (1950); *United States v. Powell,* 379 U.S. 48, 57-58 (1964); *Pacific Maritime Association v. Quinn,* 491 F.2d 1294, 1296 (9th Cir. 1974); *EEOC v. Children's Hospital Medical Center of Northern California,* 719 F.2d 1426, 1428 (9th Cir. 1983); *EEOC v. Karuk Tribe Housing Authority,* 260 F.3d 1071, 1076-77 (9th Cir. 2001).

But even if the Court were inclined to consider the merits of the Complaint, Comtrans' arguments are unavailing. Even the cases cited in Comtrans' response make it clear that "the finding that one company in the alter ego of another is a finding of fact," *NLRB v. Al Bryant,* 711 F.2d 543, 553-54 (3rd Cir. 1983), which is not amenable to determination in a summary proceeding. The Administrative Law Judge recognized this and, therefore, after hearing oral argument, denied the summary judgment motions filed by PMT and Comtrans on this issue. Now Comtrans wants this Court to go where the Administrative Law Judge would not, and decide the alter ego issue in a summary subpoena enforcement proceeding. Remarkably, it wants the Court to do so based on an extensive recitation of disputed facts, contained in the affidavit of a person who holds

4

responsible positions over both companies. The Court should decline this invitation to step into the shoes of the Administrative Law Judge and the Board. See *J.M. Tanaka Construction, Inc. v. NLRB,* 675 F.2d 1029, 1033 (9th Cir. 1982) (conclusion by the Board that "two corporations are alter egos is essentially factual" and should not be disturbed by the courts absent "substantial evidence").

Finally, Comtrans' reliance on *A-1 Fire Protection, Inc.,* 233 NLRB 38 (1977), to support its argument is unavailing. *A-1 Fire Protection* is not an alter ego case; to the contrary, it deals with the single employer concept, which is "a related, but separate concept" from alter ego status. *Johnstown Corp.,* 322 NLRB 818 (1997); see also *NYP Acquisition Corp.,* 322 NLRB 1041 n.1 (2000) ("alter ego is not a subset of the single employer concept, but rather [ ] alter ego and single employer are related, but separate, concepts"). Indeed, the term "alter ego" is used only once in the entire decision.

### III. THE BOARD PROCEEDINGS PROTECT COMTRANS' DUE PROCESS RIGHTS

Comtrans' argument that its due process rights are being violated deserves little comment. Section 11 of the National Labor Relations Act, as well as the Board's Rules and Regulations, Section 102.31(b), establish a procedure for petitioning to revoke a Board subpoena. The Ninth Circuit has held this "the statutory mechanism for appealing the Board's issuance of subpoenas – namely, a petition for revocation – satisfies procedural due process." *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996), citing *NLRB v. Carolina Food Processors, Inc*., 81 F.3d 507, 512 (4th Cir. 1996). Here, Comtrans availed itself of this procedure by filing to join PMT's Petition to

5

Revoke on May 18, 2010.  On June 4, 2010, after hearing oral argument, the Administrative Law Judge granted the Petition in part, limiting the scope of certain items in the subpoenas, and denied the remainder of the Petition.  Notably, neither PMT nor Comtrans sought to appeal this decision under Board's rules permitting special appeals of Administrative Law Judges' rulings.  See Rules and Regulations of the National Labor Relations Board, Sec. 102.26; see also *CNN America, Inc.,* 352 NLRB 675 (2008) (on special appeal of ALJ's denial of petition to revoke, Board directed ALJ to appoint another ALJ as special master to address undue burden issues relating to production of documents in electronic format).  Comtrans should not be heard to complain about the lack of due process when it has failed to avail itself of all the process due under the Board's procedures.

## IV. CONCLUSION

Based on the foregoing, the Petitioner requests that the Court issue an order enforcing the Board's subpoena.

Dated at Phoenix, Arizona, this 20th day of August 2010.

NATIONAL LABOR RELATIONS BOARD

/s/Sandra L. Lyons
David A. Kelly, Deputy Regional Attorney
Sandra L. Lyons, Field Attorney
Mary G. Davidson, Field Attorney
National Labor Relations Board
Region 28
2600 North Central Avenue, Suite 1800
Phoenix, AZ  85004
Telephone:   (602) 640-2090

Email: sandra.lyons@nlrb.gov
mary.davidson@nlrb.gov